# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD BRICKER, | : | Civil No. 1:10-CV-1608 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JAMES GRACE, et al. | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights case brought by a state prisoner, Ronald Bricker. (Doc. 1.) Bricker's complaint is a confusing document which marries specific complaints to a series of vague and undefined claims against countless Defendants. (Doc. 1) The complaint also refers to laws whose meaning cannot be readily discerned, including something that Bricker refers to as the "fairness act". (Id.) We note that, while he has filed this complaint without paying the required filing fee, Bricker has thus far declined to submit the forms required by law for *in forma pauperis* status. In this case Bricker's complaint challenges the constitutionality of

the federal law in this regard, and in the past Bricker has failed to comply with the *in forma pauperis* procedures prescribed by law.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. At the outset, we must ensure that inmates, like Bricker, who wish to proceed *in forma pauperis*, comply with the requirements of 28 U.S.C. §1915, which provides that:

> **(a)(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> . . . . . .
>
> **(b)(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> **(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having

> custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915.

Bricker is placed on notice that a failure to comply with the statutory requirements for proceeding *in forma pauperis* compels dismissal of this complaint without prejudice. Bricker cannot avoid these requirements by claiming that § 1915 is unconstitutional. Such a claim is frivolous, and has been uniformly rejected by the courts. See e.g., Singleton v. Smith, 241 F.3d 534 (6th Cir. 2001); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998); Nicholas v. Tucker, 114 F.3d 17 (2d Cir. 1997); Roller v. Gunn, 107 F.3d 227 (4th Cir. 1997). Since the *in forma pauperis* requirements of § 1915 are undeniably constitutional, a litigant, like Bricker, who refuses to comply with these requirements faces the sanction of dismissal of his action for his failure to abide by the dictates of the law. See, e.g., Cox v. Delores Steet's Father & Family, No. 09-423, 2009 WL 313329 (D.N.J. Feb. 4, 2009); Armstrong v. Mukasey, No. 08-6131, 2008 WL 5401606 (D.N.J. Dec. 22, 2008); Morgan v. Rustin, No. 07-130, 2007 WL 1491422 (W.D. Pa. May 21, 2007).

Accordingly, Bricker is directed to comply with these procedures by **August 30, 2010**, or face dismissal of this action.

So ordered this 12th day of August, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge