# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RONALD BRICKER, | : | Civil No. 1:10-CV-1608 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| THOMAS CORBETT, et al. | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of the Case

This is a *pro se* civil rights case brought by a state prisoner, Ronald Bricker, on August 3, 2010. (Doc. 1.) As reflected in his *pro se* complaint, Bricker is a prodigious, if prodigiously unsuccessful, *pro se* litigant, whose current lawsuit appears to consist largely of a series of complaints leveled against dozens of defendants who have been involved in prior civil and criminal litigation with Bricker. Upon an initial screening review, we found that Bricker's complaint was a confusing document which married specific complaints to a series of vague and undefined claims against countless defendants . (Doc. 1.) The complaint also referred to laws whose meaning cannot be readily discerned, including something that Bricker called the "fairness act". (Id.)

As part of our legally-mandated screening, we also noted that, while he filed this complaint without paying the required filing fee, Bricker had declined to submit

1

the forms required by law for *in forma pauperis* status. Observing that Bricker's complaint seemed to challenge the constitutionality of the federal law in this regard, and noting that in the past Bricker has failed to comply with the *in forma pauperis* procedures prescribed by law, we entered an order on August 12, 2010 notifying Bricker that he was required to comply with federal law and warning him that an intentional failure to comply could result in the dismissal of this action. (Doc. 5.)We took this step as a matter of basic fairness to Bricker, in order to put him on notice of his legal obligations, and permit him the opportunity to correct any inadvertent oversights on his part in this regard.

Bricker now has filed what he refers to as an "Objection" to this order. (Doc. 6.) Bricker's "objection" makes it plain that his failure to comply with the Prisoner Litigation Reform Act procedures for *pro se, in forma pauperis* prisoner-plaintiffs was not accidental, but was intentional. Indeed, Bricker denounces the law as unconstitutional; implies that the Book of Proverbs forbids compliance with this statute; asserts that the courts are powerless to enforce the law; suggests that any effort to apply the law to him is a "corrupt" endeavor; and demands that the court allow his case to proceed to a jury trial without insisting that he obey the law. (Doc. 6.)

In light of this response, which makes clear Bricker's decision to refuse to comply with the law, it is recommended that this complaint be dismissed.

## II. **Discussion**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. At the outset, we must ensure that inmates, like Bricker, who wish to proceed *in forma pauperis*, comply with the requirements of 28 U.S.C. §1915, which provides that:

> **(a)(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> . . . . . .
>
> **(b)(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> **(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account

exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915.

On August 12, 2010 we placed Bricker on notice that a failure to comply with the statutory requirements for proceeding *in forma pauperis* would compel dismissal of this complaint. Bricker cannot avoid these requirements by claiming, as he now does, that § 1915 is unconstitutional. Such a claim is frivolous, and has been uniformly rejected by the courts. See e.g., Singleton v. Smith, 241 F.3d 534 (6th Cir. 2001); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998); Nicholas v. Tucker, 114 F.3d 17 (2d Cir. 1997); Roller v. Gunn, 107 F.3d 227 (4th Cir. 1997). Since the *in forma pauperis* requirements of § 1915 are undeniably constitutional, a litigant, like Bricker, who refuses to comply with these requirements faces the sanction of dismissal of his action for his failure to abide by the dictates of the law. See, e.g., Cox v. Delores Steet's Father & Family, No. 09-423, 2009 WL 313329 (D.N.J. Feb. 4, 2009); Armstrong v. Mukasey, No. 08-6131, 2008 WL 5401606 (D.N.J. Dec. 22, 2008); Morgan v. Rustin, No. 07-130, 2007 WL 1491422 (W.D. Pa. May 21, 2007). Since Bricker has been placed on notice of this legal obligation, and the consequences for failing to comply, and has now unmistakably voiced his intention to refuse to comply with the law, his complaint should be dismissed.

In addition, dismissal is warranted here because Bricker's pleadings fail to meet the substantive standards required by law, in that they do not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the constitution or laws of the United States. (Docs. 1 and 6.) At the outset, it is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994); <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff. In this case, Bricker's claims against the dozens of defendants do not allege in an intelligible fashion any cognizable violation of specific rights guaranteed by the Constitution or laws of the United States upon which relief can be granted.

Furthermore, dismissal of this complaint is warranted because Bricker's complaint plainly fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement

of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).

These principles are applicable here, and compel the dismissal of this complaint. By any standard, Bricker's complaint is not a "short and plain" statement of a cause of action containing averments that are "concise, and direct." Therefore Rule 8 compels dismissal of the complaint in its entirety.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case we gave Bricker such an opportunity, but to no avail. Since the plaintiff has been afforded the opportunity

6

to correct the deficiencies identified in the original complaint, has failed to state a viable civil rights cause of action, refuses to comply with orders of this court, refuses to abide by the law governing *in forma pauperis* proceedings, and the factual and legal grounds proffered in support of his complaint make it clear that the plaintiff has no right to relief, granting further leave to amend would be futile or result in undue delay. <u>Id</u>. Therefore it is recommended that the complaint be dismissed without affording Bricker any further leave to amend this particular pleading.

### III. <u>RECOMMENDATION</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed because the plaintiff has failed to comply with 28 U.S.C. § 1915 and because the pleadings presently fail to state a claim upon which relief can be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of August, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge,
